Deaderick, J.,
delivered the opinion of the Court.
Suit was brought before a Justice of the Peace of Robertson county, upon a note for $80, executed by W. H. White, payable to defendant, Holman, due December 25, 1858.
*520 The warrant issued August 1, 1859, against White the payor, and the defendant, Holman, the payee, in favor of T. B. Matthews, for the use of B. Clenard.
The constable to whom it was issued returned it with the following indorsement: “Executed, and set for hearing on the 29th day of October, 1859, before Jesse B. White, at-o’clock; this 25th October, 1859.
H. L. Hauls, Con.”
On October 25, 1859, judgment was rendered against W. H. White, and defendant Holman and defendant J. D. Shepherd, .by tthe name of J. Shepherd, is entered as stay or, as appears from the record.
In May, 1866, an execution issued against Holman and Shepherd, and was levied upon the property of Shepherd; and thereupon he and Holman file their petition for writs of certiorari and supersedeas, alleging that White, the payor, is dead, and. that the said judgment is void and unjust, as against them.
The said Holman alleges that he knows nothing of said note, never heard of it, nor had or owned any such note; was never summoned upon the warrant, and had no knowledge of said judgment until the execution was issued a few days before the filing of the petition. Defendant Shepherd states that he never stayed said judgment, nor authorized any one to enter his name as stayor; that his name is James D., and not J. Shepherd.
Petitioners also charge that the judgment is void, because the day fixed by the constable in his return for the trial, was 29th October, and the judgment was rendered 25th October, as appears from the warrants and returns thereon.
The cause was brought into the Circuit Court, and the *521 defendants at February Term, 1867, entered a motion to quash the execution, upon the ground that the judgment upon which it was founded was void upon its face.
The court being of opinion that the judgment was void upon its face, quashed the execution, and the plaintiff appealed in error to this court.
In this, we think, the Circuit Judge erred. The judgment, upon its face, was not void, although it was irregular. Upon the face of the papers the warrant seems to have been regularly issued and served upon defendant Holman, and defendant Shepherd appears as stayor of the judgment. The Justice, therefore, upon the face of the papers, had jurisdiction of the cause, but his rendition of the judgment, on a different day from that fixed for the trial, made such judgment irregular and erroneous. The case of West v. Williamson, 1 Swan, 277, is analogous with the present case. There the execution was quashed by the court below, because the judgment of the Justice was rendered upon a day subsequent to the day fixed for trial. This court said the judgment was not void, and there was no reason for quashing the execution; but defendant not having had notice of the time of trial, nor opportunity to make his defense, should have another trial, and ordered the cause back to the Circuit Court, to be tried upon its merits. In this case, the defendant had no notice of the time of trial, the cause having been tried before the day fixed for the trial.
The judgment of the Circuit Court must, therefore, be reversed, and the cause remanded, that the defendants may have opportunity to make the defenses relied upon in their petition; and especially is this the appropriate rem *522 edy in this case, as the certiorari is invoked by petitioners solely for this purpose. They do not ask that the execution may be quashed, but pray that the cause be brought up into the Circuit Court, to be re-tried.